UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DOUGLAS K. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00172-JPH-DLP |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER SETTING BRIEFING SCHEDULE**

Plaintiff seeks judicial review of Defendant Commissioner's denial of Plaintiff's claim for Social Security benefits based on disability. Pursuant to Federal Rule of Civil Procedure 16, the Court now enters the following orders.

**A. Briefing Schedule**

Within **fifty-six (56) days** of this Order, Plaintiff shall file a brief in support of the complaint. Within **fifty-six (56) days** after service of Plaintiff's brief, Defendant shall file a brief in response. Within **twenty-eight (28) days** after service of Defendant's opposition brief, Plaintiff will file his/her reply brief, if any.

*A failure to file a timely brief may result in a summary ruling at the close of the briefing period.*

Motions to extend these deadlines are disfavored, because they interfere with the prompt resolution of the appeal. Counsel are reminded that Court-imposed deadlines remain unless and until they are extended, and motions for time – even agreed ones – are not automatically granted.

**B. Conference of Counsel**

<u>Requirement</u>.  In every appeal in which Plaintiff is represented by counsel, counsel for the parties must meet and confer regarding the following matters:  (a) confirmation of the completeness of the record; (b) the potential for narrowing the issues for the Court to decide on appeal; (c) the possibility of a joint motion for remand; and (d) any other matter that could advance the efficient resolution of the appeal.

<u>Manner of conference</u>.  The conference must be done by in-person meeting or by telephone.

<u>Timing of conference</u>.  Counsel must hold their conference at the earliest point in the case at which they have agreed both will be prepared to address the specified topics meaningfully, but in no event later that the deadline for Plaintiff's reply brief.

<u>Certification</u>.  No later than **fourteen (14) days** after the close of the briefing period, counsel shall file a joint certification that the conference has been done and explain the results of the conference.

**C. Requirements for Opening Briefs**

Every opening brief shall include a "Statement of Facts" section that summarizes – in narrative form – those portions of the administrative record relevant to the arguments presented, supported by citations to the specific pages referenced.  Neither party will include facts not relevant to the disposition of Plaintiff's appeal.  It will be insufficient for purposes of the parties' respective Statements of Fact to incorporate by reference or otherwise

adopt the factual statement recited in the Administrative Law Judge's opinion that is under review.

Every opening brief shall include a statement of the "Issues Presented." There, Plaintiff shall briefly set forth each of the legal issues that Plaintiff wishes the Court to consider – with specific reference to the applicable "step" established by 20 C.F.R. § 404.1520.  For example, a Plaintiff might assert the following: "Did the ALJ err at Step 4 by determining that Plaintiff had the RFC to perform sedentary work despite the opinions of two treating physicians to the contrary?"

Every opening brief shall also include a section entitled "Argument."  In that section, Plaintiff shall set forth the applicable law governing each of the "Issues Presented" and then apply that law to the particular facts of the case. The "Argument" section will necessarily require specific citations to applicable authority (controlling or persuasive) and to the administrative record.

*Non-compliance with the requirements for Plaintiff's Opening Brief may result in the brief being stricken, in whole or in part.*

### D. Citations to the Administrative Record

Where an electronic record has been filed, however, additional information will be necessary to ensure that the Court (and opposing counsel) can easily locate the cited material.  Because the record is broken up among various attachments within the electronic transcript, citations should include (1) the docket citation for the electronic transcript, (2) the attachment number of the transcript segment and page within the attachment, and (3) the record

citation.  For example, if the transcript were filed as docket entry 15 and "R. 26" were located on the fifth page of the first attachment, the citation would be as follows: "Dkt. 15-1 at p.5, R. 26."  Similarly, if R. 130 were the pertinent page, but it was found on the first page of the second attachment to the transcript, the citation would be "Dkt. 15-2 at p.1, R. 130."

**SO ORDERED.**

Date:  3/25/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Kirsten Elaine Wold
HANKEY LAW OFFICE
kwold@hankeylaw.com